Stephanie R. Tatar (#237792)
Tatar Law Firm, APC
3500 West Olive Ave., #300
Burbank, CA 91505
T: (323) 744-1146
F: (888) 778-5695
stephanie@thetatarlawfirm.com

*Attorney for Plaintiff and the Classes*

Additional attorneys on signature page.

**UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF CALIFORNIA**
**SAN FRANCISCO DIVISION**

THERESA HUNTER,
on behalf of herself and all others similarly situated,

    *Plaintiff,*

  v.

KAISER FOUNDATION HEALTH PLAN, INC. and
USCB, INC., d/b/a USCB America,

    *Defendants*.

**CASE NO. 3:19-cv-1053**

**CLASS ACTION COMPLAINT**

**JURY TRIAL DEMANDED**

**PRELIMINARY STATEMENT**

1.  Plaintiff Theresa Hunter brings this class action against Defendants Kaiser Foundation Health Plan, Inc. and its debt collector USCB, Inc. under California and federal law due to Defendants' unlawful debt collection and credit reporting practices.

2.  Providers of medical services covered by Medi-Cal, California's medical assistance program for eligible persons of limited financial means, may not seek payment of any "balance" purportedly owed by any Medi-Cal beneficiary. CAL. WELF. & INST. CODE § 14019.4(a).

3.  Additionally, debts purportedly arising from medical services covered by Medi-Cal may not be reported to any consumer credit reporting agency. *Id.* at § 14019.4(f).

CLASS ACTION COMPLAINT AND DEMAND FOR JURY TRIAL

4.      Nevertheless, Defendants regularly seek to collect alleged balances from Medi-Cal beneficiaries for Medi-Cal covered services and furnish information about those alleged debts to consumer credit reporting agencies. This causes pecuniary, reputational, and other harm to Medi-Cal beneficiaries such as Plaintiff.

5.      Now, in her own capacity and also as a representative of the Classes defined herein, Plaintiff brings this action under the Fair Credit Reporting Act ("FCRA"), 15 U.S.C. §§ 1681-1681x, the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. §§ 1692-1692p, the California Consumer Credit Reporting Agencies Act ("CCRAA"), CAL. CIV. CODE §§ 1785.1-1787.3, the California Unfair Competition Law ("UCL"), CAL. BUS. & PROF. CODE §§ 17200-17210, the Rosenthal Fair Debt Collection Practices Act ("RFDCPA"), CAL. CIV. CODE §§ 1788-1788.33, and California common law.

## JURISDICTION *and* VENUE

6.      This Court's jurisdiction arises under 28 U.S.C. § 1331 because this matter presents federal questions.

7.      Supplemental jurisdiction exists for the state law claims under 28 U.S.C. § 1367.

8.      Venue lies properly in this district pursuant to 28 U.S.C. § 1391(b).

## *The* PARTIES

9.      Plaintiff THERESA HUNTER is a natural person who resides within this District in Brentwood, California.

10.      Defendant KAISER FOUNDATION HEALTH PLAN, INC. ("Kaiser") is a California corporation with its principal place of business within this District, at 1 Kaiser Plaza in Oakland, California.

11.      Defendant USCB, INC. ("USCB") is a California corporation with its principal place of business at 355 South Grand Avenue in Los Angeles, California. USCB regularly collect debts in this District.

## FACTUAL ALLEGATIONS

12.      Medi-Cal is California's medical assistance program, which pays medical costs for eligible persons of limited financial means.

CLASS ACTION COMPLAINT AND DEMAND FOR JURY TRIAL

13.     A medical services provider that accepts payment from Medi-Cal (a "Medi-Cal provider") for medical services rendered to a Medi-Cal beneficiary is barred from seeking from the beneficiary directly any balance in excess of the amount approved by Medi-Cal. *See* CAL. WELF. & INST. CODE § 14019.4(a).

14.     This is because payment by Medi-Cal to the Medi-Cal provider constitutes payment in full. *See* CAL. WELF. & INST. CODE § 14019.3(d).

15.     Therefore, there can never be a remaining balance due from the beneficiary for Medi-Cal covered medical charges. Indeed, California courts have long held that "balance billing" for Medi-Cal covered medical charges is prohibited. *See, e.g.*, *Serafini v. Blake*, 167 Cal. App. 3d Supp. 11, 17, 213 Cal. Rptr. 207, 211 (App. Dep't Super. Ct. 1985).

16.     California law also prohibits Medi-Cal providers or debt collectors from furnishing information regarding the rendering of the Medi-Cal covered services to any consumer credit reporting agency.

17.     Specifically, CAL. WELF. & INST. CODE § 14019.4(f) provides:

A Medi-Cal provider or debt collector shall be deemed to be in violation of subdivision (a) of Section 1785.25 of the Civil Code if more than 30 days after receiving proof of Medi-Cal coverage the provider or debt collector does either of the following: (1) Furnishes information regarding the rendering of the Medi-Cal covered services to a consumer credit reporting agency. (2) Fails to provide corrections of, or instructions to delete, as appropriate, information regarding Medi-Cal covered services previously furnished by that Medi-Cal provider or debt collector to a consumer reporting agency.

18.     The CCRAA provides that "A person shall not furnish information on a specific transaction or experience to any consumer credit reporting agency if the person knows or should know the information is incomplete or inaccurate." CAL. CIV. CODE § 1785.25(a).

19.     It is the public policy of the State of California "to safeguard the minimum self-maintenance and security of Medi-Cal beneficiaries and their families in the provision of health care." *Serafini*, 167 Cal. App. 3d Supp. at 17, 213 Cal. Rptr. at 211.

20.     At all times relevant to the claims herein, Kaiser was a Medi-Cal provider and offered medical services to Medi-Cal beneficiaries throughout the State of California.

21.     At all times relevant to the claims herein, Kaiser knew or should have known of the applicable Medi-Cal rules and regulations, including those cited in paragraphs 13-18, above.

22.     While she was a Medi-Cal beneficiary in 2012, Plaintiff received medical services from Kaiser that were covered by Medi-Cal (the "Medi-Cal covered services").

23.     At the time she received the Medi-Cal covered services and through the present, Kaiser had notice that Plaintiff was covered by Medi-Cal with respect to the Medi-Cal covered services.

24.     At all times relevant to Plaintiff's claims herein, Kaiser was prohibited by law from seeking payment from Plaintiff directly for any charges and allegedly owing balances related to the Medi-Cal covered services.

25.     Nevertheless, Kaiser sought to collect charges and allegedly owing balances related to the Medi-Cal covered services from Plaintiff (the "charges").

26.     In the course of its attempts to collect the charges from Plaintiff, Kaiser engaged a third-party debt collector, Defendant USCB, which does business as "USCB America."

27.     At all times relevant to the claims herein, Kaiser retained ownership and control over the charges.

28.     In early 2018, Plaintiff reviewed copies of her credit files obtained from the three national consumer credit reporting agencies, Experian, Equifax, and Trans Union, because she was attempting to obtain a mortgage to assist with the financing of a home purchase.

29.     To her surprise and dismay, USCB collection entries concerning the Kaiser charges appeared in Plaintiff's consumer files, indicating that she was had an unpaid balance to Kaiser in excess of $9,000 for the Medi-Cal covered services.

30.     Kaiser and USCB had jointly furnished information concerning Plaintiff's alleged liability for the Medi-Cal covered charges to one or more consumer credit reporting agencies.

31.     Defendants provided periodic updates concerning the alleged balance of the charges including on February 21, 2018 to Experian, a consumer credit reporting agency.

32.     According to Plaintiff's March 8, 2018 Experian credit report, as of February 21, 2018, Defendants had updated the alleged balance due with respect to the charges to $9,288.

4

CLASS ACTION COMPLAINT AND DEMAND FOR JURY TRIAL

33.    Realizing that the USCB entries concerned the Medi-Cal covered charges, Plaintiff disputed the appearance of the USCB entries with consumer credit reporting agencies Experian, Equifax, and Trans Union.

34.    Plaintiff made several attempts directly with major consumer credit reporting agencies to have this negative collection item related to the Medi-Cal covered services removed from her credit files, but to no avail.

35.    In late February of 2018, Plaintiff disputed the USCB entries to Experian.

36.    Upon information and belief, Experian contacted USCB with respect to Plaintiff' dispute of the entries concerning the Medi-Cal covered services.

37.    Upon information and belief, USCB contacted Kaiser with respect to Plaintiff' dispute of the entries concerning the Medi-Cal covered services

38.    Upon information and belief, Kaiser confirmed that Plaintiff was responsible for the charges, "verifying" same to USCB.

39.    On or about February 27, 2018 and possibly at other times, Kaiser and USCB verified to Experian one or more of the national consumer credit reporting agencies Plaintiff's supposed outstanding balance of the alleged debt.

40.    Upon information and belief, Kaiser and USCB also verified Plaintiff's supposed outstanding balance of the alleged debt concerning the Medi-Cal covered services to Equifax and Trans Union, two national consumer credit reporting agencies

41.    The Kaiser charges for the Medi-Cal covered services therefore remained on Plaintiff's credit files and reports.

42.    Having been stymied in her efforts to have the charges removed from her credit file and reports, Plaintiff filed a complaint concerning the charges with the Consumer Financial Protection Bureau ("CFPB") on or about April 17, 2018.

43.    Upon information and belief, the CFPB contacted USCB, each of the three national consumer credit reporting agencies, and the Office of the California Attorney General concerning Plaintiff's disputes of the charges.

CLASS ACTION COMPLAINT AND DEMAND FOR JURY TRIAL

44.     In a letter dated May 2, 2018, USCB responded to Plaintiff's CFPB complaint concerning the charges.

45.     In the letter, USCB stated that it would "verify with the client that the amounts sought are still due and owing" and that its "review of the client's medical system reflects that the amount pursued by USCB on the account in question is still due and owing."

46.     USCB further stated that it would "either confirm that the account in question is still due from the medical provider or will receive confirmation that the same is not owing . . . ."

47.     USCB further stated that it had "not bought the debt in question but is pursuing the same as a third party (*sic*) debt collector contracted with the medical provider," namely Kaiser.

48.     On or about May 4, 2018, the Public Inquiry Unit of the Office of the California Attorney General notified Kaiser of Plaintiff's dispute of the charges to the CFPB.

49.     In a letter dated May 30, 2018, Kaiser responded to Attorney General concerning Plaintiff's dispute of the charges.

50.     In the letter, Kaiser stated that its records revealed that Plaintiff had active Medi-Cal coverage when she received the Medi-Cal covered services in 2012.

51.     Kaiser further admitted that it had assigned the charges to collections.

52.     Kaiser further admitted that the charges it had sought to collect from Plaintiff were "the responsibility of Kaiser Permanente Medical" and not of Plaintiff.

53.     Kaiser further stated that it had the power to recall the charges from collections, which also controlled the credit reporting status of said charges.

54.     Kaiser's admissions to the Attorney General demonstrate its direction and control over its own debt collection activities and those of its agent(s), including USCB America, with respect to the charges, including furnishing information to consumer credit reporting agencies.

55.     Nevertheless, by this point Plaintiff had lost the opportunity to secure financing for a home purchase.

56.     Further, and as a direct and proximate result of Defendants' conduct, Plaintiff suffered, without limitation, lost credit opportunity, harm to her credit score, harm to her reputation, emotional distress, and time lost disputing the Kaiser charges with USCB, with the

CLASS ACTION COMPLAINT AND DEMAND FOR JURY TRIAL

consumer credit reporting agencies to which Kaiser and USCB had jointly furnished information concerning the charges, and with the CFPB.

57.    Upon information and belief, Kaiser regularly attempts to collect money from Medi-Cal beneficiaries like Plaintiff concerning medical services covered by Medi-Cal.

58.    Kaiser works closely with USCB to furnish information to the national consumer credit reporting agencies, and where appropriate to update or correct said information, relating to patient charges, including Medi-Cal beneficiaries' alleged liabilities for charges.

59.    Kaiser's provision of false and inaccurate information to consumer credit reporting agencies for the purposes of collecting money concerning Medi-Cal covered services harms Medi-Cal beneficiaries and harmed Plaintiff as alleged herein.

60.    Kaiser's conduct is particularly pernicious because Medi-Cal beneficiaries must seek the assistance of third parties (*e.g.*, consumer credit reporting agencies and debt collectors) and go to extraordinary lengths to get the inaccurate information concerning their alleged liabilities for charges related to Medi-Cal covered services furnished by Kaiser removed from their consumer credit files.

61.    At all times relevant to the claims herein, Defendants acted by and through their agents and/or employees who acted within the course and scope of their agency or employment and under Defendants' direct supervision and control.

62.    At all times relevant to the claims herein, Defendants' conduct and that of its agents and/or employees, was intentional, willful, reckless, and in grossly negligent disregard of federal and California law and Plaintiff's rights.

## CLASS ACTION ALLEGATIONS

63.    Plaintiff brings this action on behalf of herself and the following Classes of similarly situated individuals:

### *Joint Furnishing Class*

All natural persons in the State of California to whom Kaiser provided Medi-Cal covered services and about whom it, directly or through USCB, furnished information concerning charges relating to those services to a consumer credit

CLASS ACTION COMPLAINT AND DEMAND FOR JURY TRIAL

reporting agency during the period beginning seven years prior to the filing of this matter and continuing until the date of judgment.

### Verification Class

All natural persons in the State of California to whom Kaiser provided Medi-Cal covered services and who disputed any information concerning charges relating to those services with a consumer credit reporting agency and which information USCB verified during the period beginning two years prior to the filing of this matter and continuing until the date of judgment.

### Restitution Class

All natural persons in the State of California from whom one or both Defendants collected any charges relating to Medi-Cal covered services, including any interest and penalties, if applicable, during the period beginning four years prior to the filing of this matter and continuing until the date of judgment.

### Injunctive Relief Class

All natural persons in the State of California about whom Defendants sought or may seek to collect charges relating to Medi-Cal covered services, including by way of consumer credit reporting.

### Negligent Billing Practices Class

All natural persons in the State of California to whom Kaiser provided Medi-Cal covered services and from whom it, directly, or through USCB, thereafter sought to collect charges relating to those services during the period beginning three years prior to the filing of this matter and continuing until the date of judgment.

### Negligent Credit Furnishing Practices Class

All natural persons in the State of California to whom Kaiser provided Medi-Cal covered services and with respect to whom it, jointly with USCB, thereafter furnished information concerning charges relating to those services to a consumer credit reporting agency during the period beginning three years prior to the filing of this matter and continuing until the date of judgment.

### Unlawful Collection Class

All natural persons in the State of California from whom USCB sought to collect any charges, including interest and penalties, if applicable, concerning Medi-Cal covered services during the period beginning one year prior to the filing of this matter and continuing until the date of judgment.

CLASS ACTION COMPLAINT AND DEMAND FOR JURY TRIAL

64.     Excluded from the Classes are officers and directors of Defendants and their immediate family members, as well as the attorneys working on this case and any judicial officers and staff assigned to it.

65.     At this time, Plaintiff does not know the exact number of the members of the Classes, but alleges, upon information and belief, that members of each Class are so numerous that joinder of all members is impracticable.

66.     Questions of law and fact common to the members of the Classes that predominate over questions that may affect individual members of the Classes include:

A.     whether Kaiser violated the CCRAA by furnishing information, directly or through one or more agents, concerning charges for Medi-Cal covered services;

B.     whether USCB violated the CCRAA by furnishing information concerning charges for Medi-Cal covered services to any consumer credit reporting agency;

C.     whether Defendants violated the FCRA by verifying data concerning charges for Medi-Cal covered services upon consumers' disputes to consumer credit reporting agencies;

D.     whether Defendants' conduct warrants injunctive relief under the UCL;

E.     whether Defendants' conduct warrants restitution relief under the UCL;

F.     whether USCB violated the FDCPA;

G.     whether Defendants' conduct was willful;

H.     whether Defendants' conduct was negligent; and

I.     whether Defendants' conduct was grossly negligent.

67.     Plaintiff's claims are typical of those of the members of the Classes because Plaintiff, like all members of the Classes, was covered by Medi-Cal when she received the Medi-Cal covered services, was the subject of Defendants' collection attempts regarding charges for Medi-Cal covered services, was the subject of Defendants' furnishing of information concerning charges for Medi-Cal covered services to consumer credit reporting agencies, disputed such information with consumer credit reporting agencies, and sustained damages as a result of Defendants' conduct.

CLASS ACTION COMPLAINT AND DEMAND FOR JURY TRIAL

68.     Plaintiff will fairly and adequately protect the interests of the Classes because Plaintiff is similarly situated with, and has suffered similar injuries as, the members of the Classes she seeks to represent. Plaintiff is an adequate representative of the Classes because her interests do not conflict with the interests of the Class members she seeks to represent, and she has retained counsel competent and experienced in conducting complex class action litigation. Plaintiff has no interests adverse to those of the Class members and will vigorously prosecute this litigation.

69.     A class action is superior to other available methods for the fair and efficient adjudication of this controversy. Specifically, no Class member has a substantial interest in individually controlling the prosecution of a separate action. The damages suffered by each individual Class member likely will be relatively small, especially given the burden and expense of individual prosecution of the complex litigation necessitated by Defendants' conduct. Thus, it would be virtually impossible for the Class members individually to redress effectively the wrongs done to them.

70.     The prerequisites to maintaining a class action for injunctive or equitable relief are met as Defendants have acted or refused to act on grounds generally applicable to the Classes, thereby making appropriate final injunctive or equitable relief with respect to the Classes.

71.     Concentration of the litigation concerning this matter in this Court is desirable, and the difficulties likely to be encountered in the management of a class action are not great. The resolution of the claims of all Class members in a single forum, and in a single proceeding, would be a fair and efficient means of resolving the issues raised in this litigation.

72.     The prosecution of separate actions by the Classes would create a risk of establishing inconsistent rulings and/or incompatible standards of conduct for Defendants.

73.     Defendants' conduct is generally applicable to the Classes and Plaintiff seeks, *inter alia*, equitable remedies with respect to some Classes. As such, Defendants' systematic policies and practices make injunctive and restitution relief appropriate here.

CLASS ACTION COMPLAINT AND DEMAND FOR JURY TRIAL

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**CLAIMS *for* RELIEF**

**COUNT I.**

**Violation of the California Consumer Credit Reporting Agencies Act**
CAL. CIV. CODE § 1785.25(a)

*On behalf of Plaintiff and the Joint Furnishing Class*
*and against Defendant Kaiser Foundation Health Plan, Inc.*

74.     Plaintiff incorporates the above paragraphs as though set forth in full.

75.     Plaintiff is a "consumer" as defined by CCRAA section 1785.3(b).

76.     Kaiser is a "person" as defined by CCRAA section 1785.3(j).

77.     As alleged above, Kaiser is a provider of Medi-Cal covered services.

78.     As alleged above, Kaiser knew that Plaintiff was covered by Medi-Cal when it provided the Medi-Cal covered services.

79.     Kaiser violated CCRAA section 1785.25(a) when it, directly and/or through its agent USCB, furnished information about Medi-Cal covered charges to consumer credit reporting agencies concerning Plaintiff and members of the Joint Furnishing Class, information that it knew or should have known was inaccurate.

80.     Kaiser violated CCRAA section 1785.25(a) when it, directly and/or through its agent USCB, furnished "information regarding the rendering of the Medi-Cal covered services to a consumer credit reporting agency" with respect to Plaintiff and members of the Joint Furnishing Class, a violation of CAL. WELF. & INST. CODE § 14019.4(f).

81.     Kaiser violated CCRAA section 1785.25(a) when it, failed "to provide corrections of, or instructions to delete, as appropriate, information regarding Medi-Cal covered services previously furnished . . . to a consumer [credit] reporting agency" with respect to Plaintiff and members of the Joint Furnishing Class, a separate violation of CAL. WELF. & INST. CODE § 14019.4(f).

82.     As alleged above, Kaiser's conduct harmed Plaintiff and members of the Joint Furnishing Class.

83.     As alleged above, Kaiser's conduct was willful.

CLASS ACTION COMPLAINT AND DEMAND FOR JURY TRIAL

84.    For its violations of CCRAA section 1785.25(a), Kaiser is liable to Plaintiff and members of the Joint Furnishing Class for the relief sought herein.

## COUNT II.

### Violation of the Fair Credit Reporting Act
15 U.S.C. § 1681s-2(b)

*On behalf of Plaintiff and the Verification Class*
*and against Defendant Kaiser Foundation Health Plan, Inc.*

85.    Plaintiff incorporates the above paragraphs as though set forth in full.

86.    Plaintiff is a "consumer" as defined by FCRA section 1681a(c).

87.    Kaiser is a "person" as defined by FCRA section 1681a(b).

88.    FCRA section 1681s-2(b)(1)(A) requires the recipient of "a dispute of with regard to the completeness or accuracy of any information provided by a person to a consumer reporting agency" to "conduct an investigation with respect to the disputed information."

89.    FCRA section 1681s-2(b)(1)(E) states that "if an item of information disputed by a consumer is found to be inaccurate or incomplete or cannot be verified after" any reinvestigation of the dispute information, the person must modify, delete, or permantly block the reporting of that item of information.

90.    As alleged above, Plaintiff disputed one or more items of information concerning Medi-Cal covered services to one or more consumer credit reporting agencies.

91.    As alleged above, on or more of the consumer credit reporting agencies to which Plaintiff disputed the items of information concerning the Medi-Cal covered services contacted USCB regarding Plaintiff's dispute.

92.    As alleged above, USCB contacted Kaiser in the course of its investigation of Plaintiff's dispute.

93.    As alleged above, Kaiser verified the charges concerning the Medi-Cal covered services to USCB.

94.    As alleged above, both Defendants determined to leave the charges for the Medi-Cal covered services account on Plaintiff's credit report.

95.    As alleged above, both Defendants verified an uncollectable, unreportable, unverifiable account that must be deleted.

96.    As alleged above, Kaiser's conduct harmed Plaintiff and members of the Verification Class.

97.    As alleged above, Kaiser's conduct was willful.

98.    For its violations of FCRA section 1681s-2(b), Kaiser is liable to Plaintiff and members of the Verification Class for the relief sought herein.

## COUNT III.

### Violation of the California Unfair Competition Law
CAL. BUS. & PROF. CODE §§ 17200-17210

*On behalf of Plaintiff and the Injunctive Relief Class
and against Defendant Kaiser Foundation Health Plan, Inc.*

99.    Plaintiff incorporates the above paragraphs as though set forth in full.

100.    Plaintiff is a "person" as defined by UCL section 17201.

101.    Kaiser is a "person" as defined by UCL section 17201.

102.    As alleged herein and for purposes of UCL liability, Kaiser's conduct was unlawful, without limitation, as follows:

A.    Kaiser violated the RFDCPA when it attempted to collect a debt for which Plaintiff had no legal liability; and

B.    Kaiser violated CAL. WELF. & INST. CODE § 14019.4(f) and CAL. CIV. CODE § 1785.25(a) when it jointly furnished information concerning the Medi-Cal covered charges to a consumer credit reporting agency because it knew or should have known was inaccurate or incomplete.

103.    As alleged above, for purposes of UCL liability Kaiser's conduct was unfair, without limitation, as follows:

A.    Kaiser's conduct offended an established public policy, was oppressive, unscrupulous or substantially injurious to consumers.

B.    The injury to Plaintiff was substantial;

C.     Plaintiff's injury is not outweighed by any countervailing benefits to consumers or competition; and

D.     The injury Kaiser caused Plaintiff could not reasonably have been avoided by Plaintiff and members of the Restitution and Injunctive Relief Classes.

104.   For its violations of the UCL, Kaiser is liable to Plaintiff and members of the Restitution and Injunctive Relief Classes for the relief sought herein.

### COUNT IV.

**Negligent Billing Practices**
CAL. CIV. CODE § 1714(a)

*On behalf of Plaintiff and the Negligent Billing Practices Class*
*and against Defendant Kaiser Foundation Health Plan, Inc.*

105.   Plaintiff incorporates the above paragraphs as though set forth in full.

106.   Kaiser owed Plaintiff and members of the Negligent Billing Practices Class a duty to exercise ordinary care or skill in the management of its billing practices and procedures. *See* CAL. CIV. CODE § 1714(a).

107.   Kaiser's duty to Plaintiff and members of the Negligent Billing Practices Class included refraining from the practice of "balance billing" Medi-Cal beneficiaries.

108.   As alleged above, Kaiser breached its duty to exercise ordinary or skill in the management of its billing practices and procedures with respect to Plaintiff and members of the Negligent Billing Practices Class.

109.   Additionally, or in the alternative, Kaiser was negligent *per se* with respect to Plaintiff and members of the Negligent Billing Practices Class because its conduct was in contravention of CAL. WELF. & INST. CODE § 14019.3(d), which mandates that payment received by a Medi-Cal provider from the state in accordance with Medi-Cal fee structures shall constitute payment in full, and CAL. WELF. & INST. CODE § 14019.4(a), which prohibits a Medi-Cal provider from seeking reimbursement or attempting to obtain payment for the cost of Medi-Cal covered services from a Medi-Cal beneficiary.

CLASS ACTION COMPLAINT AND DEMAND FOR JURY TRIAL

110.     As a direct and proximate result of Kaiser's conduct, Plaintiff and the members of the Negligent Billing Practices Class suffered the harm alleged above.

111.     As a result of its negligence, Kaiser is liable to Plaintiff and the Negligent Billing Practices Class for the relief sought herein.

## COUNT V.

### Grossly Negligent Billing Practices

*On behalf of Plaintiff and the Negligent Billing Practices Class*
*and against Defendant Kaiser Foundation Health Plan, Inc.*

112.     Plaintiff incorporates the above paragraphs as though set forth in full.

113.     Kaiser's breach of its duty to exercise ordinary or skill in the management of its billing practices and procedures with respect to Plaintiff and members of the Negligent Billing Practices Class demonstrates either a want of even scant care or an extreme departure from the ordinary standard of conduct.

114.     As a direct and proximate result of Kaiser's conduct, Plaintiff and the members of the Negligent Billing Practices Class suffered the harm alleged above.

115.     As a result of its gross negligence, Kaiser is liable to Plaintiff and the members of the Negligent Billing Practices Class for the relief sought herein.

## COUNT VI.

### Negligent Credit Furnishing Practices
CAL. CIV. CODE § 1714(a)

*On behalf of Plaintiff and the Negligent Credit Furnishing Class*
*and against Defendant Kaiser Foundation Health Plan, Inc.*

116.     Plaintiff incorporates the above paragraphs as though set forth in full.

117.     Kaiser owed Plaintiff and members of the Negligent Credit Furnishing Class a duty to exercise ordinary care or skill in the management of its collection practices. *See* CAL. CIV. CODE § 1714(a).

118.     Kaiser's duty to Plaintiff and members of the Negligent Credit Furnishing Class included refraining from placing for collection charges relating to Medi-Cal covered services and

1   furnishing information to consumer credit reporting agencies regarding Medi-Cal covered

2   services.

3       119.    As alleged above, Kaiser breached its duty to exercise ordinary or skill in the

4   management of its collection practices and procedures with respect to Plaintiff and members of

5   the Negligent Credit Furnishing Class.

6       120.    Additionally, or in the alternative, Kaiser was negligent *per se* with respect to

7   Plaintiff and members of the Negligent Credit Furnishing Class because its conduct was in

8   contravention of CAL. WELF. & INST. CODE §§ 14019.4(f), which prohibits the furnishing of

9   information regarding the rendering of the Medi-Cal covered services to a consumer credit

10  reporting agency and the failure to provide corrections of, or instructions to delete, as appropriate,

11  previously information regarding Medi-Cal covered services, and CAL. CIV. CODE § 1785.25(a),

12  which prohibits furnishing information on a specific transaction or experience to any consumer

13  credit reporting agency if the furnisher knows or should know the information is incomplete or

14  inaccurate.

15      121.    As a direct and proximate result of Kaiser's conduct, Plaintiff and the members of

16  the Negligent Credit Furnishing Class suffered the harm alleged above.

17      122.    As a result of its negligence, Kaiser is liable to Plaintiff and the Negligent Billing

18  Practices Class for the relief sought herein.

19                                      **COUNT VII.**

20                      **Grossly Negligent Credit Furnishing Activity**

21              *On behalf of Plaintiff and the Negative Credit Furnishing Class*
22              *and against Defendant Kaiser Foundation Health Plan, Inc.*

23      123.    Plaintiff incorporates the above paragraphs as though set forth in full.

24      124.    Kaiser's breach of its duty to exercise ordinary or skill in the management of its

25  collection practices with respect to Plaintiff and members of the Negligent Credit Furnishing

26  Class demonstrates either a want of even scant care or an extreme departure from the ordinary

27  standard of conduct.

28

**CLASS ACTION COMPLAINT AND DEMAND FOR JURY TRIAL**

125.    As a direct and proximate result of Kaiser's conduct, Plaintiff and the members of the Negligent Credit Furnishing Class suffered the harm alleged above.

126.    As a result of its gross negligence, Kaiser is liable to Plaintiff and the members of the Negligent Credit Furnishing Class for the relief sought herein.

## COUNT VIII.

**Violation of the Rosenthal Fair Debt Collection Practices Act**
CAL. CIV. CODE §§ 1788-1788.33

*On behalf of Plaintiff individually*
*and against Defendant Kaiser Foundation Health Plan, Inc.*

127.    Plaintiff incorporates the above paragraphs as though set forth in full.

128.    Plaintiff is a "debtor" as defined by RFDCPA section 1788.2(h).

129.    Kaiser is a "person" as defined by RFDCPA section 1788.2(g).

130.    The charges Kaiser sought to collect from Plaintiff were a "consumer debt" as defined by RFDCPA section 1788.2(e).

131.    Thus, Kaiser is a "debt collector" as defined by RFDCPA section 1788.2(c).

132.    RFDCPA section 1788.17 incorporates provisions of the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. §§ 1692-1692p.

133.    As alleged above, Kaiser's conduct violated, without limitation, the following sections of the FDCPA:

    A.    FDCPA section 1692e(8), which prohibits the communication to any person of credit information which a debt collector knows or should know is false; and

    B.    FDCPA section 1692f(1), which prohibits the collection of any amount not permitted by law.

134.    As a direct and proximate result of Kaiser's unlawful conduct, Plaintiff suffered the above-alleged damages.

135.    For its violations of the RFDCPA, Kaiser is liable to Plaintiff for the relief sought herein.

## COUNT IX.

### Violation of the Fair Debt Collection Practices Act
15 U.S.C. §§ 1692-1692p

*On behalf of Plaintiff and the Unlawful Collection Class
and against Defendant USCB, Inc.*

136.   Plaintiff incorporates the above paragraphs as though set forth in full.

137.   Plaintiff is a "consumer" as defined by FDCPA section 1692a(3).

138.   USCB is a "debt collector" as defined by FDCPA section 1692a(6).

139.   As alleged above, USCB's conduct with respect to Plaintiff and the members of the Unlawful Collection Class violated, without limitation, the following sections of the FDCPA:

A.   FDCPA section 1692e(8), which prohibits the communication to any person of credit information which a debt collector knows or should know is false; and

B.   FDCPA section 1692f(1), which prohibits the collection of any amount not permitted by law.

140.   For its violations of the FDCPA, USCB is liable to Plaintiff and members of the Unlawful Collection Class for the relief sought herein.

## COUNT X.

### Violation of the California Consumer Credit Reporting Agencies Act
CAL. CIV. CODE § 1785. 25(a)

*On behalf of Plaintiff and the Joint Furnishing Class
and against Defendant USCB, Inc.*

141.   Plaintiff incorporates the above paragraphs as though set forth in full.

142.   Plaintiff is a "consumer" as defined by CCRAA section 1785.3(b).

143.   USCB is a "person" as defined by CCRAA section 1785.3(j).

144.   As alleged above, USCB knew or should have known that charges relating to the Medi-Cal covered services were not recoverable from Plaintiff and members of the USCB Furnishing Class.

145.   USCB violated CCRAA section 1785.25(a) when it furnished information about Medi-Cal covered charges to consumer credit reporting agencies concerning Plaintiff and members of the USCB Furnishing Class.

146.   USCB violated CCRAA section 1785.25(a) when it furnished "information regarding the rendering of the Medi-Cal covered services to a consumer credit reporting agency" with respect to Plaintiff and members of the USCB Furnishing Class, a violation of CAL. WELF. & INST. CODE § 14019.4(f).

147.   USCB violated CCRAA section 1785.25(a) when it failed "to provide corrections of, or instructions to delete, as appropriate, information regarding Medi-Cal covered services previously furnished . . . to a consumer [credit] reporting agency" with respect to Plaintiff and members of the USCB Furnishing Class, a separate violation of CAL. WELF. & INST. CODE § 14019.4(f).

148.   As alleged above, as a direct and proximate result of USCB's conduct, Plaintiff and members of the USCB Furnishing Class suffered harm.

149.   For its violations of the CCRAA, USCB is liable to Plaintiff and members of the USCB Furnishing Class for the relief sought herein.

### COUNT XI.

### Violation of the Fair Credit Reporting Act
15 U.S.C. § 1681s-2(b)

*On behalf of Plaintiff and the Verification Class
and against Defendant Kaiser Foundation Health Plan, Inc.*

150.   Plaintiff incorporates the above paragraphs as though set forth in full.

151.   Plaintiff is a "consumer" as defined by FCRA section 1681a(c).

152.   USCB is a "person" as defined by FCRA section 1681a(b).

153.   FCRA section 1681s-2(b)(1)(A) requires the recipient of "a dispute of with regard to the completeness or accuracy of any information provided by a person to a consumer reporting agency" to "conduct an investigation with respect to the disputed information."

154.    FCRA section 1681s-2(b)(1)(E) states that "if an item of information disputed by a consumer is found to be inaccurate or incomplete or cannot be verified after" any reinvestigation of the dispute information, the person must modify, delete, or permanently block the reporting of that item of information.

155.    As alleged above, Plaintiff disputed one or more items of information concerning Medi-Cal covered services to one or more consumer credit reporting agencies.

156.    As alleged above, on or more of the consumer credit reporting agencies to which Plaintiff disputed the items of information concerning the Medi-Cal covered services contacted USCB regarding Plaintiff's dispute.

157.    As alleged above, USCB contacted Kaiser in the course of its investigation of Plaintiff's dispute.

158.    As alleged above, Kaiser verified the charges concerning the Medi-Cal covered services to USCB.

159.    As alleged above, USCB verified the charges concerning the Medi-Cal covered services to one or more consumer credit reporting agencies.

160.    As alleged above, both Defendants determined to leave the charges for the Medi-Cal covered services account on Plaintiff's credit report.

161.    As alleged above, both Defendants verified an uncollectable, unreportable, unverifiable account that must be deleted.

162.    As alleged above, USCB's conduct harmed Plaintiff and members of the Verification Class.

163.    As alleged above, USCB's conduct was willful.

164.    For its violations of FCRA section 1681s-2(b), USCB is liable to Plaintiff and members of the Verification Class for the relief sought herein.

1

**PRAYER *for* RELIEF**

2      **WHEREFORE**, Plaintiff prays this Honorable Court enter judgment in her favor and in

3 favor of the Classes and against Defendants, granting the following relief:

4          A.      Pursuant to FED. R. CIV. P. 23, certifying the Classes proposed herein,

5 appointing Plaintiff as representative of same, and appointing undersigned counsel as

6 counsel for the Classes;

7          B.      Pursuant to 15 U.S.C. § 1692k, awarding Plaintiff actual damages and

8 additional damages of $1,000 and awarding members of the Unlawful Collection Class an

9 amount not to exceed $500,000 or 1% of USCB's net worth;

10         C.      Pursuant to CAL. CIV. CODE § 1788.30(a) and (b), awarding Plaintiff actual

11 damages and additional damages of $1,000 for each of Defendants' violations of CAL.

12 CIV. CODE § 1788.17;

13         D.      Pursuant to 15 U.S.C. §§ 1681n and o, awarding Plaintiff and members of

14 the Verification Class actual damages, statutory damages of $1,000, and punitive damages

15 for Defendants' violations of 15 U.S.C. § 1681s-2(b);

16         E.      Pursuant to CAL. BUS. & PROF. CODE § 17203, ordering Defendants to

17 disgorge, refund, and restore to members of the Restitution Class all sums collected

18 concerning Medi-Cal covered services together with pre-judgment interest;

19         F.      Pursuant to CAL. BUS. & PROF. CODE § 17203 and with respect to members

20 of the Injunctive Relief Class, ordering Defendants to cease all collection efforts

21 concerning Medi-Cal covered services and to recall or provide instructions to delete all

22 information concerning Medi-Cal covered services previously furnished to consumer

23 credit reporting agencies;

24         G.      Pursuant to CAL. CIV. CODE § 1785.31(a), awarding Plaintiff and members

25 of the Joint Furnishing Class actual damages and punitive damages of $5,000 for each of

26 Defendants' violations of the CAL. CIV. CODE § 1785.25(a);

27         H.      Pursuant to CAL. CIV. CODE § 3283, awarding actual damages to Plaintiff

28 and members of the Negligent Billing Practices and Negligent Credit Furnishing Classes;

CLASS ACTION COMPLAINT AND DEMAND FOR JURY TRIAL

1    I.      Pursuant to CAL. CIV. CODE § 3294, awarding exemplary and punitive

2    damages to Plaintiff and members of the Negligent Billing Practices and Negligent Credit

3    Furnishing Classes;

4    J.      Pursuant to CAL. CIV. CODE § 3288, awarding interest to Plaintiff and

5    members of the Classes;

6    K.      Pursuant to the applicable statutes, awarding costs and attorney's fees; and

7    L.      Awarding such further relief as this Court may deem just and proper.

## JURY TRIAL DEMAND

165.    Plaintiff and members of the Classes hereby demand a trial by jury.

Dated: February 26, 2019                  Respectfully submitted,

THERESA HUNTER,
*by her attorneys*,

*/s/ Stephanie R. Tatar*
Stephanie R. Tatar (#237792)
Tatar Law Firm, APC
3500 West Olive Ave., #300
Burbank, CA 91505
T: (323) 744-1146
F: (888) 778-5695
stephanie@thetatarlawfirm.com

James A. Francis, Esq.*
John Soumilas, Esq.*
FRANCIS & MAILMAN, P.C.
1600 Market Street, 25th Floor
Philadelphia, PA 19103
T: 215-735-8600
F: 215-940-8000
E: jfrancis@consumerlawfirm.com
E: jsoumilas@consumerlawfirm.com

* petition to appear *pro hac vice* forthcoming

CLASS ACTION COMPLAINT AND DEMAND FOR JURY TRIAL